IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02703-KLM

TODD WEITZMAN,

    Plaintiff,

v.

JOSHUA MCFERRIN, L.P.N., in his individual capacity,

    Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Stay Discovery** [#73][1] (the "Motion"). Plaintiff filed a Response [#75] in opposition to the Motion, and Defendant filed a Reply [#76]. Defendant asks the Court to stay all discovery in this case until after the Court resolves his pending Motion to Dismiss Amended Complaint [#67] (the "Motion to Dismiss"). Defendant is named in his individual capacity and asserts a qualified immunity defense to Plaintiff's claim against him asserted under 42 U.S.C. § 1983 for the alleged violation of Plaintiff's rights under the Fourteenth Amendment. *See Am. Compl.* [#30]. If granted in full, the Motion to Dismiss would dispose of the sole claim remaining in this case.[2]

---

[1] "[#73]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The other claims and Defendants in this case were previously dismissed either by the Court or voluntarily by Plaintiff. *Order* [#66]; *Minute Order* [#71].

-1-

Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. *See Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" *Behrens*, 516 U.S. at 308 (citation omitted); *see also Martin v. Cty. of Santa Fe*, 626 Fed. App'x. 736, 740 (10th Cir. 2015) ("[Q]ualified immunity questions should be resolved at the earliest possible stage in litigation. *Even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government*." (quoting *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (emphasis in original))). The Court is obligated to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998).

When exercising its discretion regarding whether to impose a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and

(5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Analyzing the five *String Cheese Incident* factors, the Court first addresses the interest of Plaintiff in proceeding expeditiously with discovery and the potential prejudice to Plaintiff of a delay. Plaintiff argues that his "interest in proceeding expeditiously with his case is still high" for the same reasons the Court relied on when finding the first *String Cheese Incident* factor to weigh in Plaintiff's favor on a prior request to stay the case.[3] *Response* [#75] at 1 (citing *Order* [#58]). There, the Court ultimately granted the requested stay but gave Plaintiff the benefit of the doubt with respect to his interest in proceeding expeditiously. *Order* [#58] at 3. The Court reasoned that "with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed." *Id.* (citation omitted). At present, the Court agrees that this reasoning still holds true today and disagrees with Defendant's contention that a stay would impose no discernable prejudice to Plaintiff notwithstanding the fact that other Defendants have already been dismissed on qualified immunity grounds. *Response* [#73] at 5. Accordingly, the Court finds that the first

---

[3] The Court previously stayed these proceedings on September 11, 2019, pending adjudication of the Motion to Dismiss Amended Complaint for Failure to State a Claim [#34] (the "Medical Defendants' Motion"). *See Order* [#58]. At that time, Defendant Joshua McFerrin was identified in the lawsuit as a John Doe Defendant. Plaintiff subsequently identified Joshua McFerrin as the proper party and he was added to the case on February 14, 2019. *See Minute Order* [#65]. Thereafter, the Court granted the Medical Defendants' Motion [#34] and lifted the stay on April 30, 2019. *See Order* [#66]; *Minute Order* [#70].

*String Cheese Incident* factor weighs against staying discovery.

With regard to the second factor, the Court finds that Defendant has demonstrated that proceeding with the discovery process presents an undue burden. The defense of qualified immunity is available to 1) individual governmental officials, but not governmental entities; 2) regarding claims for monetary damages, but not claims for injunctive or declaratory relief; and 3) regarding claims against individual governmental officials in their individual capacities, not their official capacities. *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004) (citations omitted). Here, Defendant has asserted this defense because he is a government official, Plaintiff only seeks damages, and the claim asserted against Defendant is in his individual capacity. *Am. Compl.* [#30].

Plaintiff does not directly contend that Defendant would not be unduly burdened if the case proceeds to discovery before adjudication of the Motion to Dismiss [#67]. *See generally Response* [#75]. Instead, Plaintiff first argues that Defendant's qualified immunity defense does not carry dispositive weight, noting that "the entire doctrine of qualified immunity has increasingly been assailed by scholars, advocates, and judges in recent times." *Id.* at 4. While the Court acknowledges the recent criticism of qualified immunity jurisprudence in federal courts, *see Response* [#75] at 4-5, the Court will not pre-judge Defendant's immunity defense here. Moreover, the Court is not convinced that this criticism warrants a deviation from current Supreme Court and Tenth Circuit precedent which favors stays while issues of qualified immunity remain pending. *See Martin*, 626 Fed. App'x. at 740; *A.A. ex rel. Archuletta v. Martinez*, No. 12-cv-00732-WYD-KMT, 2012 WL 5974170, at *2 (D. Colo. Oct. 9, 2012) (noting that *Iqbal* "indicate[s] very clearly that the Supreme Court believes discovery should be stayed in the case as a whole even when only

one defendant is asserting qualified immunity.").

Plaintiff next argues that a complete stay is unwarranted and that, "[a]t a minimum, discovery should be permitted as to disputed facts relevant to Defendant McFerrin's qualified immunity defense." *Response* [#75] at 5. However, as Defendant correctly observes, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) simply tests the legal sufficiency of a plaintiff's complaint, pursuant to which the Court must accept all factual allegations as true. *Reply* [#76] at 6 (citing *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). Furthermore, Defendant's Motion to Dismiss [#67] is now fully briefed and Plaintiff has not claimed any need for discovery regarding Defendant's qualified immunity defense in his Response [#69] thereto or elsewhere. For these reasons, and based on the strong Supreme Court and Tenth Circuit precedent regarding assertions of qualified immunity and discovery, the Court finds that the second *String Cheese Incident* factor weighs heavily in favor of staying discovery.

With regard to the third factor, Plaintiff asserts that "[a] stay is not an efficient use of judicial resources because of the unpredictable impact it will have on a court's management of the case and its docket." *Response* [#75] at 2 (citation omitted). However, as the Court has previously stated, judicial economy and convenience to the Court are enhanced in this situation if the case remains on the Court's docket where scheduling and discovery issues will not be raised and will not take time from the Court that could otherwise be used to address the pending dispositive motion. *Order* [#58] at 5. Thus, as the Court previously found, "it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed." *Id.* (citing *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001) (staying discovery pending decision on a

dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings].")). The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fourth factor, the Court finds that there are no identified nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, Plaintiff asserts that "there is a 'strong interest held by the public in general regarding the prompt and efficient handling of all litigation.'" *Response* [#75] at 3 (quoting *Lester v. Gene Exp., Inc.*, No. 09-cv-02648-REB-KLM, 2010 WL 743555, at *2 (D. Colo. Mar. 2, 2010)). Plaintiff further avers that "[t]he public has an especially significant interest in the open airing of constitutional claims and in the proceeding of such claims to reveal deficiencies in the operation of its government." *Id.* (citation omitted). In addressing a similar argument raised by Plaintiff in his opposition to the prior stay, the Court stated:

> [T]he Court is not persuaded that stays in section 1983 cases are contrary to the public interest because they may, for example, delay appropriate discipline or procedural reform or deter future plaintiffs. The possibility that those effects may occur is outweighed by several factors, including the possibility that unnecessary expenditures of public and private resources on litigation will be minimized, the probability that judicial resources will ultimately be conserved by addressing dispositive issues early in the litigation, and the probability that both judicial and attorney resources will be conserved by clarifying and resolving disputed legal issues at the earliest possible time. Overall, the public's interest in the efficient and just handling of legal disputes favors imposition of a stay in these circumstances.

*Order* [#58] at 6. Regarding the instant Motion [#73], the Court finds that the same reasoning equally applies and therefore concludes that the fifth *String Cheese Incident*

factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of the Motion to Dismiss [#67] is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#73] is **GRANTED**. All discovery is **STAYED** pending resolution of the Motion to Dismiss [#67].

DATED: August 19, 2019 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge